Charles R. Virginia, Esq. (CV 8214)
BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAT ANGELO, JOSEPH DEVITA, ROBERT GARIEPY, JOSEPH PUZIO III, JOHN F. CAPO, STEPHEN DOHERTY, WILLIAM DERENZIS, JEFFREY DUFFY, as Trustees of the B.A.C. LOCAL 4 PENSION AND ANNUITY FUNDS, MICHAEL PETERSON, RUDOLPH RICCIARDI, ROBERT EPIFANO, JOSEPH SPERANZA, JR., MICHAEL SCHMERBECK, JACK KOCSIS, KENNETH SIMONE, JOHN F. CAPO, STEVE DOHERTY, DONALD ENGELHARDT, DIETER RUACH, RICHARD TOLSON, as Trustees of the NEW JERSEY B.A.C. HEALTH FUND, ROBERT GARIEPY, JAMES R. PRISCO, JR., RUDOLPH RICCIARDI, JOSEPH SPERANZA, JR., JOHN F. CAPO, JEFFREY DUFFY, DONALD ENGELHARDT AND LEON JONES, JR., as Trustees of the NEW JERSEY BM&P APPRENTICE AND EDUCATION FUND, JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICAHEL SCHMERBECK, VINCENT DELAZZERO and BENJAMIN CAPP, as Trustees of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, and JIM ALLEN, MATTHEW AQUILINE, LON BEST, JAMES BOLAND, TED CHAMP, RAYMOND CHAPMAN, VINCENT DELAZZERO, BRUCE DEXTER, JOHN FLYNN, EUGENE GEORGE, GREGORY HESS, FRED KINATEDER. DAN KWIATKOWSKI, KEN LAMBERT, SANTO LANZAFAME, DICK LAUBER, WILLIAM MCCONNELL, EDWARD NAVARRO, GERALD O'MALLEY, JOHN PHILLIPS, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, PAUL SONGER, JOSEPH SPERANZA, and FRED VAUTOUR, as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE, and JOHN F. CAPO, as Business Manager of B.A.C. LOCAL NO. 4 NEW JERSEY, <br><br> Plaintiffs, <br><br> -against- <br><br> D CONSTRUCTION COMPANY, INC., <br><br> Defendant. | 07 Civ. _____ <br><br> **COMPLAINT** |

Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer welfare, pension and annuity fringe benefit funds through their respective Boards of Trustees, and by a union through its President, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Funds and remit dues checkoffs and other contributions deducted from the wages paid to employees who authorize said deductions in writing to the union. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Funds and to remit dues checkoffs and other contributions to the union when due, Defendant violated the relevant Collective Bargaining Agreements with the Union and the respective Trust Agreements with the Funds, as well as committed violations of ERISA.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to Sections 502(e)(1) and (f), and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145, and § 301(c) of the LMRA, 29 U.S.C., 29 U.S.C. § 185(c).

2

## VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

4. Plaintiffs Pat Angelo, Joseph DeVita, Robert Gariepy, Joseph Puzio III, John F. Capo, Stephen Doherty, William DeRenzis and Jeffrey Duffy are the employer and employee trustees of the B.A.C. Local 4 Pension and Annuity Funds (hereinafter, the "Local 4 Pension and Annuity Funds"). The Local 4 Pension and Annuity Funds are multi-employer, labor-management trust funds, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The Local 4 Pension and Annuity Funds are employee benefit plans within the meaning of Sections 3(2)(A), 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2)(A) and (37)(A). The Local 4 Pension and Annuity Funds maintain their principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

5. The Local 4 Pension and Annuity Funds are third-party beneficiaries under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

6. The Local 4 Pension and Annuity Funds are multiemployer benefit funds which have standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

7. Michael Peterson, Rudolph Ricciardi, Robert Epifano, Joseph Speranza, Jr., Michael Schmerbeck, Jack Kocsis, Kenneth Simone, John F. Capo, Steve Doherty, Donald Engelhardt, Dieter Ruach and Richard Tolson are the employer and employee trustees of the New Jersey B.A.C. Health Fund (hereinafter the "N.J. BAC Health Fund"). The N.J. BAC Health

3

Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302 of the LMRA, 29 U.S.C. § 186. The N.J. BAC Health Fund is an employee welfare plan within the meaning of Sections 3(1) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(1) and (37)(A). The N.J. BAC Health Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

8. The N.J. BAC Health Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

9. The N.J. BAC Health Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

10. Robert Gariepy, James R. Prisco, Jr., Rudolph Ricciardi, Joseph Speranza, Jr., John F. Capo, Jeffrey Duffy, Donald Engelhardt and Leon Jones, Jr. are the employer and employee trustees of the New Jersey BM&P Apprentice and Education Fund (hereinafter the "Apprentice Fund"). The Apprentice Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The Apprentice Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(2) and (37)(A). The Apprentice Fund maintains its principal place of business at 14 Plog Road, Suite 2, Fairfield, New Jersey 07004.

11. The Apprentice Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

12. The Apprentice Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

13. Plaintiffs John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H.J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent Delazzero and Benjamin Capp are the employer and employee representatives and the trustees (hereinafter the "International Trustees") of the Bricklayers & Trowel Trades International Pension Fund (the "International Pension Fund"). The International Pension Fund is a multi-employer, labor-management trust fund, organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The International Pension Fund is an employee benefit plan within the meaning of Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). The International Pension Fund maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

14. The International Pension Fund is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

15. The International Pension Fund is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

16. Plaintiffs Jim Allen, Matthew Aquiline, Lon Best, James Boland, Ted Champ, Raymond Chapman, Vincent DeLazzero, Bruce Dexter, John Flynn, Eugene George, Gregory Hess, Fred Kinateder, Dan Kwiatkowski, Ken Lambert, Santo Lanzafame, Dick Lauber, William McConnell, Edward Navarro, Gerald O'Malley, John Phillips, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Paul Songer, Joseph Speranza, and Fred Vautour

are the trustees of, and sue on behalf of the International Masonry Institute ("IMI"). The IMI is an employee benefit plan with the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a multi-employer plan within the meaning of Section 3(37) ERISA, 29 U.S.C. § 1002(37). The IMI Trustees bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI in their respective capacities as fiduciaries. The IMI maintains its principal place of business at 620 F Street, N.W., Washington, District of Columbia 20004.

17. The IMI is a third-party beneficiary under collective bargaining agreements pursuant to § 301 of the LMRA, 29 U.S.C. § 185.

18. The IMI is a multiemployer benefit fund which has standing to sue pursuant to § 502(d)(1) of ERISA, 20 U.S.C. § 1132(d)(1).

19. Plaintiff John F. Capo is the Business Manager of B.A.C. Local No. 4 New Jersey (the "Union"), and brings this action for dues checkoffs and other contributions in his representative capacity. The Union is a labor organization within the meaning of Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union maintains its principal place of business at 14 Plog Road, Fairfield, New Jersey 07004.

20. Upon information and belief, at all times relevant hereto, Defendant D Construction Company, Inc. ("D Construction") was and is a corporation doing business in the State of New Jersey as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce

within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. D Construction maintains its principal place of business at 25 East 24th Street, Bayonne, New Jersey 07002.

## BACKGROUND

21. The Plaintiffs Local 4 Pension and Annuity Funds, N.J. BAC Health Fund and Apprentice Fund (hereinafter, collectively, the "Local 4 Benefit Funds" or the "Funds") and the International Pension Fund and IMI provide employee fringe benefits to members of the Union.

22. Defendant D Construction is a signatory to the Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for employees of D Construction working as bricklayers, cement masons, plasterers, pointer caulkers, cleaners, fire proofers, stone masons, brick pavers and exterior marble masons (hereinafter, "Covered Work") within the geographical jurisdiction of the Union.

23. Pursuant to the Collective Bargaining Agreement, D Construction agreed to pay to the Plaintiff Funds fringe benefit contributions and to forward dues checkoffs for each hour worked by employees of Defendant D Construction covered by the Collective Bargaining Agreement.

24. Defendant D Construction employed certain employees covered under the Collective Bargaining Agreement during this period and continuing.

25. Upon information and belief, D Construction has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions to the Funds and to remit dues checkoffs and other contributions deducted from the wages paid to employees who perform work covered by the Collective Bargaining Agreement.

26. Based on shop steward reports, D Construction has failed to pay: (1) benefit contributions to the Local 4 Benefit Funds in the amount of $3,248.85, (2) benefit contributions to the Plaintiffs International Pension Fund and the IMI in the amount of $272.25, and (3) dues checkoffs to the Union in the amount of $419.27 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006.

## FIRST CLAIM FOR RELIEF

27. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 26 hereof.

28. As a result of work performed by individual employees of Defendant D Construction, pursuant to the Collective Bargaining Agreement, there became due and owing to Plaintiffs Local 4 Benefit Funds from Defendant D Construction fringe benefit contributions in the amount of $3,248.85 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006.

29. This failure, refusal or neglect of Defendant D Construction to make the required contributions to Plaintiffs Local 4 Benefit Funds constitutes a violation of the Collective Bargaining Agreement with respect to which Plaintiff Funds are third-party beneficiaries.

30. Pursuant to the Policy for Collection of Delinquent Contributions adopted by the trustees of the Local 4 Benefit Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at a rate of ten percent (10%) per annum of the amount owing, plus liquidated damages of twenty percent (20%) of the amount owing.

31. Accordingly, Defendant D Construction is liable to Plaintiffs Local 4 Benefit

Funds as and for benefit contributions in the amount of $3,248.85 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

## SECOND CLAIM FOR RELIEF

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 hereof.

33. As a result of work performed by individual employees of Defendant D Construction, pursuant to the Collective Bargaining Agreement, there became due and owing to Plaintiffs International Pension Fund and the IMI from Defendant D Construction fringe benefit contributions in the amount of $272.25 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006.

34. This failure, refusal or neglect of Defendant D Construction, to make the required contributions to Plaintiffs International Pension Fund and the IMI constitutes a violation of the Collective Bargaining Agreement with respect to which Plaintiff Funds are third-party beneficiaries.

35. Accordingly, Defendant D Construction is liable to Plaintiffs International Pension Fund and the IMI as and for benefit contributions in the amount of $272.25 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages calculated at twenty

9

percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures.

### THIRD CLAIM FOR RELIEF

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 hereof.

37. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

38. Upon information and belief, Defendant D Construction by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Local 4 Benefit Funds due as a result of Covered Work performed by individual employees of Defendant D Construction. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

39. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a Plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the Plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

40. Accordingly, Defendant D Construction is liable to the Local 4 Benefit Funds for the payment and submission of the required monetary contributions and reports to the Local 4 Benefit Funds as aforesaid, and is liable for the additional amount of said statutory damages,

together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### FOURTH CLAIM FOR RELIEF

41. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 40 hereof.

42. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

43. Upon information and belief, at all times material hereto, Defendant D Construction by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions and reports to the Plaintiffs International Pension Fund and the IMI due as a result of work performed by individual employees of Defendant D Construction. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

44. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

45. Accordingly, Defendant D Construction is liable to the Plaintiffs International Pension Fund and the IMI for the payment and submission of the required monetary contributions and reports to the International Pension Fund and the IMI as aforesaid, and is liable

for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## FIFTH CLAIM FOR RELIEF

46. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 45 hereof.

47. Pursuant to the Collective Bargaining Agreement, Defendant D Construction, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to the employees of Defendant D Construction performing Covered Work who authorized such deduction in writing.

48. Upon information and belief, pursuant to the Collective Bargaining Agreement, and as a result of work performed by individual employees of Defendant D Construction who authorized said deduction in writing, Defendant D Construction deducted as and for dues checkoffs the amount of $419.27 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006.

49. No part of the dues checkoffs contractually due the Plaintiff Union has been remitted by Defendant D Construction to Plaintiff Union, although all unremitted dues checkoffs have been duly demanded, and the sum of $419.27 remains unpaid.

50. Accordingly, Defendant D Construction is liable to Plaintiff Union as and for unremitted dues in the amount of $419.27 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006.

## SIXTH CLAIM FOR RELIEF

51. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 50 hereof.

52. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant D Construction is required to timely pay and submit benefit contributions and reports to the Plaintiffs Local 4 Benefit Funds and remit dues checkoffs for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

53. Upon information and belief, Defendant D Construction has failed to timely pay and submit benefit contributions to Plaintiffs Local 4 Benefit Funds, remit dues checkoffs to the Plaintiff Union, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Collective Bargaining Agreement.

54. Plaintiffs have no adequate remedy at law to insure that Defendant will adhere to the terms of the Collective Bargaining Agreement.

55. Plaintiffs Local 4 Benefit Funds will suffer immediate and irreparable injury unless Defendant and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and reports to Plaintiffs Local 4 Benefit Funds for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement. Plaintiff Union will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to remit dues checkoffs, for so long as they remain obligated to do so pursuant to the Collective Bargaining Agreement.

56. Accordingly, Plaintiffs Local 4 Benefit Funds and the Union request that this Court issue an injunction permanently enjoining Defendant D Construction, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to Plaintiffs Local 4 Benefit Funds for the term of the Collective Bargaining Agreement. Plaintiff Union requests that this Court issue an injunction permanently enjoining Defendant D Construction, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs for the term of the Collective Bargaining Agreement.

**WHEREFORE**,

(1) Plaintiffs Local 4 Benefit Funds demand judgment on their First Claim for Relief against D Construction, as and for benefit contributions in the amount of $3,248.85 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(2) Plaintiffs International Pension Fund and the IMI demand judgment on their Second Claim for Relief against D Construction, as and for benefit contributions in the amount of $272.25 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006, plus interest calculated at fifteen percent (15%) per annum, liquidated damages

calculated at twenty percent (20%), reasonable attorney's fees and other expenses incurred in connection with the collection procedures;

(3)     Plaintiffs Local 4 Benefit Funds demand judgment on their Third Claim for Relief against D Construction, for the payment and submission of the required monetary contributions and reports, and for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132);

(4)     Plaintiffs International Pension Fund and the IMI demand judgment on its Fourth Claim for Relief against D Construction, for the payment and submission of the required monetary contributions and reports, and for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132);

(5)     Plaintiff Union demands judgment on its Fifth Claim for Relief against D Construction, as and for unremitted dues checkoffs in the amount of $419.27 for work performed at Short Club, Jersey City during the period January 25 through August 30, 2006;

(6)     Plaintiffs Local 4 Benefit Funds and the Union demand injunctive relief on their Sixth for Relief against Defendant D Construction permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to plaintiffs Local 4 Benefit Funds for the term of the Collective Bargaining Agreement. Plaintiff Union further demands injunctive relief permanently enjoining Defendant, its officers, agents, servants, employees and all persons

in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing, or neglecting to deduct and remit dues checkoffs for the term of the Collective Bargaining Agreement; and

(7) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 6, 2007

                           **BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, PLLC**

By: _____/s/_____
Charles R. Virginia, Esq. (CV 8214)
*Attorneys for Plaintiffs*
Trinity Centre
111 Broadway, Suite 1403
New York, New York 10006
Office Tel. No.: (212) 943-9080

\\Bivas-1\Company Folders\Winword Documents\BAC Local 4 Funds\Collections\D. Construction\Complaint, June 2007.doc